CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 05, 2025

LAURA A. AUSTIN, CLERK
BY:
    s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYREK CALDWELL, | ) | |
| Plaintiff, | ) | Civil Action No. 7:24-cv-00534 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| W.R. FROSELL, | ) | Chief United States District Judge |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The *pro se* plaintiff, Tyrek Caldwell, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. The lone defendant, W.R. Frosell, filed an answer on October 24, 2024. (Dkt. No. 10.) Before the court is plaintiff's motion to dismiss this case and for a refund of his filing fee. (Dkt. No. 16.) Defendant does not oppose the motion for dismissal. (Dkt. No. 19.)

Under the Prison Litigation Reform Act, voluntary dismissal does not entitle a litigant to a refund of the filing and docketing fees. *See Lamon v. Pfeiffer*, Case No.: 1:20-cv-00869-AWI-SAB (PC), 2021 WL 3737179, at *1 (E.D. Cal. Aug. 24, 2021) (citing *Porter v. Dep't of Treasury*, 564 F.3d 176, 179 (3d Cir. 2009)); *see* 28 U.S.C. § 1915(b). Although plaintiff may voluntarily dismiss this action under Rule 41, he remains obligated to pay the entire filing fee in increments. *See id.* (citing *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015)). Here, the court has granted plaintiff leave to proceed *in forma pauperis*, which requires him to pay the filing fee in full through monthly payments, so long as he is incarcerated. (Dkt. No. 5.); *see also Goins v. Decaro*, 241 F.3d 260, 261–62 (2d Cir. 2001) (inmates who proceed pro se and in forma pauperis were not entitled to a refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals); *Ferguson v. Hamilton*, Case No. 7:21-cv-00601, 2022 WL 4099742, at *1 (W.D. Va. Sept. 7, 2022) (denying motion to suspend

collection of filing fee and directing plaintiff to advise the court if he wishes to proceed with action).  As other courts have explained, § 1915(b) "does not provide any authority or mechanism for the Court to reduce or waive payment of [a prisoner's] filing fee, suspend collection of the filing fee, or to reimburse any payments already made." *Ferguson*, 2022 WL 4099742, at *1 (quoting *Bowersock v. Kernan*, No. 1:18-cv-01040, 2018 WL 5304810, at *1 (E.D. Cal. Oct. 24, 2018)).

Because it is unclear whether plaintiff wishes to dismiss this action, notwithstanding the requirement that he continue to pay the filing fee for this action, and not being entitled to reimbursement of any payments already made, Caldwell is DIRECTED to advise the court as to whether he wishes to proceed with this action.  If plaintiff *does not* wish to proceed with the action at this time, he must file a separate motion for voluntary dismissal without prejudice, pursuant to Federal Rule of Civil Procedure 41(a), within fourteen days of service of this order. A dismissal without prejudice would allow Caldwell to refile his claim, subject to the applicable statute of limitations.  It would not, however, release him from the obligation to pay the filing fee while he remains incarcerated, or entitle him to reimbursement of any payments already made. If Caldwell *does* wish to proceed with this action, he must file a notice so stating within fourteen days of service of this order.

The Clerk is directed to transmit a copy of this memorandum opinion and order to plaintiff and to counsel of record for defendant.

Entered: May 5, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge